UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTHONY FRATTIN on behalf of himself
and others similarly situated,   INDEX NO: 07 CV 3383 (PAC)


                    Plaintiff,

    v.

WEST 44th STREET RESTAURANT LLC,
d/b/a KELLARI TAVERNA, STAVROS
AKTIPIS, and HARSHAD SHAH,


                   Defendants.
-----------------------------------------------------------x


### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION


D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

Attorneys for Plaintiffs and proposed
collective action and class action members

# TABLE OF CONTENTS

Page

I. INTRODUCTION..................................................................................2

II. STATEMENT OF FACTS.....................................................................3

    a. The Parties........................................................................................3

    b. Plaintiff Was Terminated In Retaliation For Filing This Lawsuit............4

III. ARGUMENT........................................................................................6

    a. FLSA And New York Labor Law Prohibit An Employer From Retaliating Against An Employee For Asserting His Rights Under Wage And Hour Laws and Preliminary Injunction Is the Proper Form of Relief..................................................................................6

    b. Plaintiff Satisfies The Standard For Preliminary Injunction.................7

        i. The Standard.............................................................................7

        ii. Plaintiff and the Putative Classes Will Suffer Irreparable Harm Absent Immediate Injunctive Relief..............................7

        iii. Plaintiff Will Likely Succeed On The Merits Of His Retaliation Claim......................................................................9

        iv. The Balance Of Hardships Weighs Decidedly In Favor Of An Injunction...........................................................................10

IV. CONCLUSION..................................................................................12

I. **INTRODUCTION**

On April 27, 2007, Plaintiff Anthony Frattin filed this lawsuit against West 44th Street Restaurant LLC d/b/a Kellari Taverna ("Kellari"), Stavros Aktipis, and Harshad Shah seeking unpaid wages owed under the Fair Labor Standards Act ("FLSA") and New York state law. The next time Plaintiff appeared at Kellari, two days later, he was told by Mr. Aktipis that his employment with Kellari was terminated because he filed a lawsuit against the restaurant. Further, Defendant Aktipis interrogates current employees regarding their intent to join or participate in the suit and instructs them not to join the suit. This is precisely the scenario envisioned by the FLSA and New York Labor Law's anti-retaliation laws and provisions for equitable relief. Accordingly, Plaintiff respectfully requests that the Court require Defendants to (a) reinstate Plaintiff, (b) enjoin Defendants from further acts of retaliation, including but not limited to, terminating employees that join this lawsuit without giving prior notice to Plaintiff's counsel, demonstrating legitimate non-discriminatory reasons for such termination, and (c) require Defendants to publish a letter and a poster to all employees at Kellari stating that retaliation for participating is illegal, together with the name, phone number and address of Plaintiff's firm.

Plaintiff easily meets the standard for injunctive relief in the Second Circuit, which is (1) a showing of irreparable harm, and (2) either (a) the likelihood of success on the merits, or (b) serious questions going to the merits and a balance of hardships in his favor.

Plaintiff can show irreparable harm. In the absence of immediate injunctive relief, Defendants will have successfully intimidated employees from (a)

coming forward to testify in favor of plaintiff's claim, (b) joining this lawsuit, and (c) complaining about future violations of the FLSA and/or state law. Plaintiff is also likely to succeed on the merits, as Defendant Aktipis admitted that he terminated Mr. Frattin in retaliation for his commencement of this lawsuit. Finally the balance of hardships operate in favor of an injunction, as an injunction would simply restore the status quo to what it would have been had Defendants not blatantly violated the law by terminating Plaintiff and prevent Defendants from engaging in future illegal activity. Plaintiff's counsel communicated to defense that Plaintiff would request immediate injunctive relief if Defendants would not reinstate Plaintiff.

Based on the above, Plaintiff is entitled to preliminary injunctive relief (a) requiring Defendants to reinstate Plaintiff, (b) enjoining Defendants from further acts of retaliation, including but not limited to, terminating and/or threatening to terminate employees that join this lawsuit without giving prior notice to Plaintiff's counsel, demonstrating legitimate non-discriminatory reasons for such termination and (c) requiring Defendants to publish a letter and a poster to all employees at Kellari stating that retaliation for participating is illegal, together with the name , phone number and address of Plaintiff's firm.

## II.   STATEMENT OF FACTS

### A.   THE PARTIES

Kellari Taverna is a restaurant in midtown Manhattan. Defendant Aktipis is an owner of Kellari and manages its day-to-day operations. Defendant Harshad Shas is an owner of Kellari. Plaintiff was employed as a server for Kellari from October 2006 until his termination in April 2007.

### B.     PLAINTIFF WAS TERMINATED IN RETALIATION FOR FILING THIS LAWSUIT

On April 27, 2007, Plaintiff, on behalf himself and similarly situated employees, brought an action against Defendants alleging that Defendants systematically pays tipped employees less than the federal and state minimum wages.[1] Defendants are not entitled to credits toward the minimum wage pursuant to the FLSA because they retain portions of employees' tips.[2] 29 U.S.C. § 203(m). Further, Defendants did not pay Plaintiff for all of his time worked, including overtime and New York's "spread of hours" premium.[3] N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7

Plaintiff's counsel faxed to Defendants a copy of the lawsuit on the same day that it was filed.[4] Plaintiff was not at work that day, which was a Friday, or for the remainder of the weekend.[5] Mr. Aktipis had suspended Plaintiff (one day before this lawsuit) through April 30, because Mr. Aktipis was upset that Plaintiff refused to write fictitious reviews of Kellari on various restaurant-rating websites.[6] Plaintiff was scheduled to return to work on April 30, 2007.[7]

On the evening (Sunday) of April 29th, 2007, Plaintiff arrived at Kellari to view his schedule for the following week.[8] When Plaintiff arrived, Mr. Aktipis took Plaintiff outside, and told him that he was fired.[9] Mr. Aktipis elaborated, "You fired yourself."[10] When Plaintiff asked Mr. Aktipis to explain this puzzling comment, Mr.

---

[1] The original Complaint is attached hereto as Exhibit A.
[2] Complaint ¶ 34.
[3] Complaint ¶¶ 57-60.
[4] Kirschenbaum Dec. ¶ ___.
[5] Frattin Dec. ¶ 4.
[6] Id.
[7] Id.
[8] Id. ¶ 5.
[9] Id.
[10] Id.

Aktipis explained, "we got a nice letter from an attorney," and that the termination was a result of the lawsuit that Plaintiff filed.[11] A transcript of an audio recording of this conversation is attached to Plaintiff's Declaration.[12] On April 30, 2007, Plaintiff amended his complaint adding claims of illegal retaliation under both federal and state laws.[13]

The current staff at Kellari is fearful of Kellari's stated intent to retaliate against other employees that become involved in this lawsuit. Kellari is a small community, and it is likely that most, if not all Kellari servers know that Plaintiff was terminated in retaliation for filing this action.[14] Further, Kellari investigates employees to determine which of the current staff, if any, intend to join the suit.[15] Kellari went so far as to instruct current employees not to join the lawsuit and to sign forms opting out of the suit.[16] As a result, other Kellari servers that originally intended to opt-in to this lawsuit informed Mr. Frattin that they cannot join at this point because they fear similar retaliation.[17] John Doe, an anonymous declarant, was too afraid to disclose his name and has not joined the lawsuit because he fears retaliation.[18] In short, Kellari is directly interfering with employees' right to recover moneys owed them by joining this lawsuit.

On May 16, 2007, Plaintiff's counsel communicated to defense counsel that Plaintiff would request immediate injunctive relief if Defendants did not reinstate Plaintiff before June 1, 2007.

---

[11] *Id.*
[12] *Id.* ¶ 2, and attachments.
[13] Amended Complaint is attached hereto as Exhibit B.
[14] Frattin Dec. ¶ 7.
[15] Doe Dec. ¶ 3.
[16] *Id.* ¶ 4.
[17] Frattin Dec. ¶ 8.
[18] Doe Dec. ¶¶ 1,5,6.

5

III. **ARGUMENT**

  A. **FLSA AND NEW YORK LABOR LAW PROHIBIT AN EMPLOYER FROM RETALIATING AGAINST AN EMPLOYEE FOR ASSERTING HIS RIGHTS UNDER WAGE AND HOUR LAWS AND PRELIMINARY INJUNCTION IS THE PROPER FORM OF RELIEF**

The FLSA provides that "it shall be unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint…related to this chapter." 29 U.S.C. § 215(a)(3).

"It is well established that the anti-retaliation provision of the FLSA is critical to the entire enforcement scheme of the federal wage and hour law." *Centeno-Bernuy v. Perry*, 302 F.Supp.2d 128, 135 (W.D.N.Y. 2003). Accordingly, the FLSA entitles a wrongfully terminated plaintiff to "such legal or equitable relief as may be appropriate … including without limitation employment, reinstatement …." 29 U.S.C. § 216(b).

Although the legislative history of the 1977 amendment allowing for a private right of action under the retaliation provisions does not detail the specific equitable relief available, the Senate amendment incorporated into the law states, "Section 4 authorizes employee suits for appropriate legal or equitable relief against any employer who discharges or otherwise discriminates against an employee …." H.R. Conf. Rep. No. 95-497, 95th Cong., 1st sess. 1977, reprinted at 1977 U.S.C.C.A.N. 3201, 3260. Neither the Senate, nor Congress as a whole, placed any limits on the types of the relief available under the retaliation provisions other than using the word "appropriate." Therefore, courts have found that "equitable relief" includes preliminary injunctions prohibiting further FLSA retaliation and requiring reinstatement, when the typical criterion for a preliminary injunction are otherwise satisfied. *Bailey v. Gulf Coast Transp., Inc.* 280 F.3d 1333 (11th Cir. 2002) (finding that FLSA's anti-retaliation laws, unlike the

overtime and minimum wage laws, provide for injunctive relief, including reinstatement); *Centeno-Bernuy*, 302 F.Supp.2d 128 (granting an injunction against future acts of FLSA retaliation).

New York state law similarly provides that an employer may not retaliate against an employee for complaining about wage and hour violations. New York Lab. Law § 215(a). The New York statute explicitly allows grants courts "jurisdiction to restrain violations of this section." Thus, under both federal and state law, a preliminary injunction is warranted to prevent further retaliation. *Id.* § 215(b).

### B.  PLAINTIFF SATISTFIES THE STANDARD FOR PRELIMINARY INJUNCTION

#### 1.  THE STANDARD

A plaintiff seeking a preliminary injunction must show (1) irreparable harm in the absence of injunctive relief, and (2) *either* (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in its favor. *Time Warner Cable v. Bloomberg L.P.* 118 F.3d 917, 923 (2d Cir. 1997). Plaintiff easily satisfies this test.

#### 2.  PLAINTIFF AND THE PUTATIVE CLASSES WILL SUFFER IRREPARABLE HARM ABSENT IMMEDIATE INJUNCTIVE RELIEF

Plaintiff and the putative classes will suffer irreparable harm and the remedial purposes of the FLSA will be undermined unless this Court grants immediate injunctive relief.

"Unchecked retaliation, no matter its form, subverts the purpose of the FLSA ...." *Centeno-Benuy* 302 F. Supp. 2d at 135. "Effective enforcement [of the FSLA] . . . could only be expected if employees felt free to approach officials with their grievances. . . . [I]t need no argument to show that fear of economic retaliation might often operate to induce

aggrieved employees quietly to accept substandard conditions." *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 335 (1960).

In *Centeno-Benuy,* the court granted an injunction against future acts of FLSA retaliation citing several examples of irreparable harm caused by the defendants' retaliatory behavior. 302 F. Supp. 2d at 135. The court stressed that (a) witnesses would be afraid to provide testimony out of fear of retaliation by the employers, and (b) retaliation undermines the important purposes of the FLSA and would potentially dissuade other employees from joining the lawsuit. *Id. See also Holt v. The Cont'l Group, Inc.*, 708 F.2d 87, 91 (2d Cir. 1983) ("A retaliatory discharge carries with it the distinct risk that other employees may deterred from protecting their rights . . . or from providing testimony for the plaintiff in her effort to protect her own rights. These risks may be found to constitute irreparable injury.").

Defendants' illegal termination of Plaintiff's employment sent a clear message to its current employees that they will suffer adverse employment actions against them if they assert their wage and hour rights or assist plaintiff in establishing the violations alleged in the complaint. Defendants reaffirmed this message by subsequently investigating employees and instructing them to disavow their involvement with this suit. To be sure, several employees have changed their minds about opting into this lawsuit because they fear similar retaliation.[19] Kellari employees all know when and why one of their members has been fired or disciplined.[20] In the absence of an injunction, Defendants will have successfully ensured that potential plaintiffs will not opt-in to this lawsuit by communicating that anyone who asserts wage and hour rights against

---

[19] Frattin Dec. ¶ 8; Doe Dec. ¶¶ 5,6.
[20] Frattin Dec. ¶ 7.

8

Defendants risks termination. Further, Defendants will have *carte blanche* to continue their illegal pay practices, knowing that their employees will be too fearful to assert any claims against them. As explained above, this would directly undermine the remedial purposes of the FLSA and is precisely the scenario envisioned by the FLSA's anti-retaliation laws and provisions for equitable relief. Thus, preliminary injunctive relief is necessary to prevent irreparable harm to plaintiff, other potential plaintiffs and Kellari's staff at large.

### 3. PLAINTIFF WILL LIKELY SUCCEED ON THE MERITS OF HIS RETALIATION CLAIM

A plaintiff establishes a *prima facie* claim of FLSA retaliation by showing "(1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Lau v. Eastpoint Int'l, Inc.*, No. 99 Civ. 2095, 2000 WL 1234595, at *3 (S.D.N.Y. Aug. 31, 2000).[21] A plaintiff may establish a causal connection "either indirectly by showing that the protected activity was closely followed in time by the adverse action, *Manoharan v. Columbia Univ. Coll. Of Physicians & Surgeons,* 842 F.2d 590, 593 (2d Cir. 1988) ... or directly through evidence of retaliatory animus directed against a plaintiff by the Defendant." *Johnson v. Palma*, 931 F.2d 203, 207 (2d Cir. 1991) (internal quotations omitted) (emphasis removed).

Plaintiff easily satisfies his burden of establishing a *prima facie* retaliation claim. Plaintiff's initial filing of the lawsuit was clearly "protected activity" within the meaning of the FLSA. *Centeno-Bernuy,* 302 F. Supp. 2d at 136 (filing a lawsuit is protected activity under the FLSA). Defendants were aware of this lawsuit, as Mr. Aktipis made

---

[21] A copy of all unpublished decisions are attached hereto in the Appendix.

9

clear during his April 29, 2007 conversation with Plaintiff.[22] Defendant Aktipis himself directly established the causal connection between the protected activity and the adverse employment action by telling Plaintiff that Plaintiff was terminated because he "received a nice letter from [Plaintiff's] lawyers."[23] Further, Kellari terminated Plaintiff only two days after learning that Plaintiff filed a complaint against it and at the very first opportunity.[24] *See Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir.1995) (adverse action following close on the heels of protected activity supports an inference of retaliation); *Amaker v. Haponik*, 2000 WL 343772, *3 (S.D.N.Y. Mar. 31, 2000) (holding that the timing of conduct was sufficient to state retaliation claim). Finally, Defendants did not proffer any legitimate non-discriminatory reasons for Plaintiff's termination.

Based on the above, Plaintiff will establish that he was illegally terminated in retaliation for protected FLSA activity.

### 4. THE BALANCE OF HARDSHIPS WEIGHS DECIDEDLY IN FAVOR OF AN INJUNCTION

Even if Plaintiff fails to establish a high likelihood of success on the merits, Plaintiff can show sufficiently "serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in [his] favor." *Aguilar v. Baine Service Systems, Inc.* 538 F.Supp. 581, 584 (S.D.N.Y. 1982) (citing *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979)).

In addition to serious questions raised above by plaintiff in favor of his claim of illegal retaliation, the balance of hardships weighs heavily in favor of granting an injunction. Failure to grant an injunction will harm plaintiff by impeding his attempts to

---

[22] Frattin Dec. ¶ 6.
[23] Frattin Dec. ¶ 6.
[24] *Id.*

prosecute this action on behalf of himself and those similarly situated. In fact, failure to grant an injunction will harm all servers at Kellari. Servers, fearing retaliation by Kellari, will not assert their rights under the FLSA and New York state law by opting into this lawsuit. In addition, as a result of this intimidation, Defendants will have free reign to continue their violations of the FLSA, knowing that its employees are unlikely to formally oppose their practices. On the other hand, the grant of an injunction to reinstate Plaintiff's employment and refrain from further retaliation will simply restore the status quo to what it would have been had Defendants not blatantly violated the law by terminating Plaintiff and prevent Defendants from further violating the law. *See Centeno-Bernuy*, 302 F. Supp. 2d at 137 ("The failure to grant an injunction will harm the plaintiffs. Without the sought-after injunctive relief, plaintiffs will continue to face difficulty in prosecuting the Becker Farms litigation, and could face criminal and administrative action against them because of Perry's accusations. In contrast, if an injunction is issued, Perry will not suffer any hardship. He will simply be prevented from continuing to repeat his baseless claims ...."); *Aguilar*, 538 F. Supp. at 585 (ordering defendants to reinstate employees who were discharged in retaliation for complaints of discrimination, because the plaintiffs' hardship of lost employment substantially outweighed the defendants' hardship of retaining employees that they previously employed.)

In sum, plaintiff has, at the very least, raised "serious questions going to the merits to make them a fair ground for litigation," and the balancing of hardships weigh heavily in favor of granting an injunction.

## IV.  CONCLUSION

Based on the above, Plaintiff is entitled to and respectfully requests preliminary injunctive relief (a) requiring Defendants to reinstate Plaintiff, (b) enjoining Defendants from further acts of retaliation, including but not limited to, terminating and/or threatening to terminate employees that join this lawsuit without giving prior notice to Plaintiff's counsel, demonstrating legitimate non-discriminatory reasons for such termination and (c) requiring Defendants to publish a letter and a poster to all employees at Kellari stating that retaliation for participating is illegal, together with the name, phone number and address of Plaintiff's firm.

Dated: New York, New York
       June 6, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
D. Maimon Kirschenbaum (DK-2338)

Charles E. Joseph (CJ-9442)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff, proposed collective action members and proposed class*