UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY FRATTIN on behalf of himself and others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>WEST 44TH STREET RESTAURANT LLC, d/b/a KELLARI TAVERNA, STAVROS AKTIPIS, and HARSHAD SHAH,<br><br>                              Defendants. | Case No. 07 CV 3383 (PAC)<br><br><u>Document Electronically Filed</u> |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendant West 44th Street Restaurant LLC, d/b/a Kellari Taverna ("Defendant" or "West 44th Street") respectfully submits this Memorandum of Law in opposition to Plaintiff Anthony Frattin's ("Plaintiff" or "Mr. Frattin") motion for a temporary restraining order and preliminary injunctive relief.

**I.   PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT**

On or about April 27, 2007, Mr. Frattin filed his Complaint in this action seeking back pay and overtime compensation under the Fair Labor Standards Act ("FSLA") and New York Labor Law § 191 et seq. on behalf of himself and other nonexempt persons employed by Defendants. Mr. Frattin filed his Amended Complaint adding claims for retaliation under the FLSA and New York state law on or about April 30, 2007. On or about May 16, 2007, Sarah Jean Tickal filed a consent to be a Plaintiff in this action. Defendant West 44th Street filed its Answer to Plaintiff's Amended Complaint on or about May 23, 2007 denying the material allegations and asserting defenses. Mr. Frattin now seeks injunctive relief requiring his

reinstatement and enjoining Defendant West 44th Street from terminating employees that join Plaintiff's lawsuit. In addition, Mr. Frattin requests that the Court require Defendant to publish a letter and a poster to all employees advising them of the law concerning retaliation under the FLSA and New York Labor Law.

As set forth below, injunctive relief is a "drastic" remedy used sparingly by courts in New York, and is not appropriate in the instant action. As a matter of law, an employee who joins this lawsuit will be entitled to protection from retaliation under both the FLSA and New York Labor Law. Defendant submits that if Plaintiff is able to meet the requirements for a collective action under the FLSA, any opt-in notice sent to potential class members will advise employees of the prohibition against retaliation under the law. Given the protections already in place under federal and state law, injunctive relief is not necessary under the facts of this case, and the instant application for a temporary restraining order and further preliminary injunctive relief should be denied. Defendant submits that the extraordinary relief sought by Plaintiff is simply an attempt to bolster interest in this litigation among Defendant West 44th Street's employees. The time and place for making a formal announcement to putative plaintiffs is in the context of an opt-in notice upon a successful showing that Plaintiff meets the requirements for a collective action.

Significantly, Plaintiff's counsel has failed to cite a single case standing for the proposition that he is entitled to the relief requested.[1] Even assuming arguendo that Plaintiff

---

[1] Plaintiff cites Centeno-Bernuy v. Perry, 302 F. Supp. 2d 128 (W.D.N.Y. 2003), in support of his argument that he is entitled to an injunction against future acts of retaliation under the FLSA. The Centeno-Bernuy decision is readily distinguishable from the instant case. The plaintiffs in Centeno-Bernuy were non-immigrant farmworkers who claimed wages under the FLSA and Migrant Seasonal Agricultural Worker Protection Act. Subsequent to the plaintiffs' filing of their lawsuit, defendant made several complaints to government agencies and officials regarding his belief that plaintiffs were terrorists. Plaintiffs were able to demonstrate irreparable harm based on their reluctance to appear in court because of fear of deportation. The defendant in Centeno-Bernuy was enjoined from contacting or communicating with government officials concerning the plaintiffs' immigration status or from making further allegations regarding the plaintiffs' status as terrorists.

would be entitled to injunctive relief, Plaintiff fails to make the required showing of irreparable harm. Therefore, Plaintiff's application for injunctive relief should be denied on this basis as well.

## II. ARGUMENT

### A. Standard for Injunctive Relief

It is well established in New York that injunctive relief is a drastic remedy which should be used sparingly. Goldblatt v. Englander Comm., LLC, 431 F. Supp. 2d 420, 424 (S.D.N.Y. 2006). A preliminary injunction may be granted only upon the moving party's (1) showing of irreparable harm and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and the balance of hardships tipping in favor of the movant. Goldblatt, 431 F. Supp. 2d at 425 citing Blum v. Schlegel, 18 F.3d 1005, 1010 (2d Cir. 1994); Laureyssens v. Idea Group, Inc., 964 F.2d 131, 135-36 (2d Cir. 1992); SEC v. Unifund SAL, 910 F.2d 1028, 1038 n.7 (2d Cir. 1990).

### B. Any Employee Joining Plaintiff's Lawsuit Would Be Entitled to Protection From Retaliation Under the FLSA and New York Law

Plaintiff argues that in the absence of immediate injunctive relief, Defendants will have successfully intimidated employees from (a) coming forward to testify in favor of Plaintiff's claim, (b) joining the lawsuit and (c) complaining about future violations of federal and/or state law. However, injunctive relief is not necessary to prevent potential harm to potential plaintiffs and Defendant's employees. By coming forward and joining the lawsuit, the employees would be entitled to protection from retaliation under both federal and state law.[2] See 29 U.S.C. § 215(a)(3) (extending protection against retaliation to any person who "has filed any

---

[2] In this respect, Plaintiff's reasoning with respect to the John Doe Affidavit is circular. Plaintiff indicates that "John Doe, an anonymous declarant, was afraid to disclose his name and has not joined the lawsuit because he fears retaliation." By joining the lawsuit, John Doe would be protected from retaliation.

3

complaint or instituted or caused to be instituted any proceeding"); NY CLS Labor § 215 (protecting from retaliation employees "who have caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation or proceeding under this chapter"). The law in the Second Circuit is that only when a plaintiff files a formal complaint, institutes a proceeding or testifies in a proceeding is he or she protected from retaliation under the FLSA. Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir. 1993), cert. denied, 511 U.S. 1052 (1994) (finding no cause of action for retaliation where plaintiffs had not filed a complaint or charge). See also Shah v. Wilco Sys. Inc., 126 F. Supp. 2d 641, 651-52 (S.D.N.Y. 2000) (dismissing plaintiffs' FLSA retaliation claim after finding that plaintiffs did not allege that retaliation was based on the filing of a formal complaint or otherwise instituting or testifying in connection with such a proceeding); Booze v. Shawmut Bank, 62 F. Supp. 2d 593, 598 (D.Conn. 1999) (dismissing plaintiff's retaliation claim because informal workplace complaints are not protected activity for purposes of the FLSA); Soler v. G&U, Inc., No. 78 Civ. 6252 (CHT), 1982 U.S. Dist. LEXIS 11093, *10-11 (S.D.N.Y. 1982) (finding FLSA provided no explicit protection from retaliation for the farmworkers who were not participating in this suit). Thus, Plaintiff is simply seeking protection from retaliation that is not available under the law.

### C. Plaintiff Will Not Suffer Irreparable Harm in the Absence of Injunctive Relief

The showing of irreparable harm is "perhaps the single most important prerequisite for the issuance of a preliminary injunction." Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). Irreparable harm is measured in terms of the harm arising during the interim between the request for an injunction and final disposition of the case on the merits. Jayaraj v. Scappini, 66 F.3d 36, 40 (2d Cir. 1995). An injunction "will not be granted against

4

something merely feared as liable to occur at some indefinite time in the future." General Fireproofing Co. v. Wyman, 444 F.2d 391, 393 (2d Cir. 1971) citing Connecticut v. Massachusetts, 282 U.S. 660, 674 (1931).

      Plaintiff cannot meet his burden of establishing the element of irreparable harm which is required for injunctive relief. Plaintiff argues that he must be reinstated and the putative class must receive affirmative notice from Defendant of their rights, under the FLSA and New York law.[3] As to Plaintiff's reinstatement, no showing has been made that Plaintiff's alleged damages could not be rectified with money damages. See e.g., Goldblatt, 431 F. Supp. 2d at 425 (denying motion by order to show cause for a preliminary injunction after finding that plaintiffs had not met their burden of demonstrating irreparable harm because any injury they may suffer as a result of Defendant's actions would be fully compensable by monetary damages). The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. See e.g., Jayaraj, 66 F.3d at 39 (vacating order of district court granting preliminary injunction).

      Likewise, Plaintiff's allegation that Defendant's alleged actions are having a chilling effect on the employees' exercise of their rights also is of no merit. In Soler v. G&U, Inc., No. 78 Civ. 6252 (CHT), 1982 U.S. Dist. LEXIS 11093 (S.D.N.Y. 1982), this Court rejected this very argument. In Soler v. G&U, Inc., migrant farmworkers instituted a suit under the FLSA and argued that the farm representatives coerced workers to withdraw from the lawsuit on penalty of firing or refusal to rehire. The Soler plaintiffs argued that they would be irreparably harmed if a preliminary injunction was not granted because (1) certain plaintiffs had

---

[3] As previously discussed, if Plaintiff is able to meet the requirements for a collective action under the FLSA, any opt-in notice sent to potential class members will advise employees of the prohibition against retaliation under the law. In support of his argument that Plaintiff, other potential plaintiffs and Kellari's staff at large will suffer irreparable harm, Plaintiff relies on Centeno-Benuy, a decision which, as previously discussed, is distinguishable from the instant case.

already been injured since they gave up their claim for minimum wages in the past and their right to injunctive relief against future underpayment of wages, when the farm representatives threatened their continued employment and (2) that coercive behavior on the part of the farm representatives would have a "chilling effect" on the farmworkers' exercise of their rights in the future. Id. at *8.

The Soler court found these arguments unpersuasive. The court first noted that the FLSA provides no explicit protection for the farmworkers who were not participating in the suit. According to the court, "the mere possibility of a chilling effect on the farmworkers' future exercise of their rights, when no such chilling effect [was] shown here, is too remote and speculative an injury on which to base a preliminary injunction. Id. at *11. The Soler court held that the possibility that farmworkers will be deterred from exercising their rights in the future can be effectively foreclosed by a permanent injunction and other appropriate relief, if the court determines, after a trial on the merits, that such relief is warranted. Id.

As the Soler v. G&U, Inc. decision demonstrates, this Court has previously rejected the argument that putative plaintiffs suffer irreparable harm when an employer's conduct allegedly discourages potential plaintiffs from joining a suit. Plaintiff has not met his burden of establishing irreparable harm which is necessary for the drastic remedy sought herein.

III. **CONCLUSION**

Defendant respectfully requests that this Court deny Plaintiff's application for injunctive relief, in its entirety, and award such other proper and further relief as this Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP

59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

Dated: June 14, 2007
      New York, New York

By: _____
Felice B. Ekelman (FE 5692)
Richard I. Greenberg (RG 4911)

ATTORNEYS FOR DEFENDANT WEST 44th STREET RESTAURANT LLC d/b/a KELLARI TAVERNA