UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY FRATTIN on behalf of himself
and others similarly situated,                    INDEX NO: 07 CV 3383 (PAC)


           Plaintiff,


   v.

WEST 44th STREET RESTAURANT LLC,
d/b/a KELLARI TAVERNA, STAVROS
AKTIPIS, and HARSHAD SHAH,


           Defendants.
------------------------------------------------------------x


**MEMORANDUM REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**


D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

Attorneys for Plaintiffs and proposed
collective action and class action members

I.  **ARGUMENT**

Defendants' opposition papers do not dispute or deny the key facts in Plaintiff's motion for injunctive relief – that Defendants terminated Plaintiff immediately following and in retaliation for his having filed an FLSA class/collective action. This is precisely the scenario the FLSA intended to address through its anti-retaliation provisions and allowances for equitable relief.

Defendants' argument that the injunction should be denied because FLSA's anti-retaliation provisions sufficiently protect plaintiffs, thus making injunctive relief unnecessary is not supported by the facts in this case or common logic. Here, the FLSA's anti-retaliation provisions failed to protect Plaintiff -- Defendants retaliated against him immediately after he filed this lawsuit. Defendants certainly have not given any indication that they will not repeat their unlawful behavior. To the contrary, Defendants have instructed potential plaintiffs not to join this lawsuit. As a result of Defendants' behavior, current Kellari employees are afraid to join the lawsuit, and this cannot be alleviated without the requested relief.

Moreover, Defendant's argument begs the question as to when preliminary injunctive relief would ever be appropriate. Preliminary injunctive relief by its very nature assumes that it is necessary to prevent illegal behavior. For precisely this reason, courts grant injunctive relief to rectify or deter blatant retaliation, without relying on FLSA's explicit prohibition of retaliation and its other non-equitable remedies. *See Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333, 1336 (11th Cir. 2002) ("An injunction reinstating further retaliatory conduct indeed may help to "effectuate the purposes" of the anti-retaliation provision in a case such as this, where the district court found Gulf Coast's

conduct to be "plainly retaliatory" and where there was evidence that other drivers were fearful of participating in the suit."); *Centeno-Bernuy v. Perry*, 302 F. Supp. 2d 128, 135 (W.D.N.Y. 2003) ("[R]etaliation and the resulting weakened enforcement of federal law can *itself* be irreparable harm in the context of a preliminary injunction application.").

This Court recently granted an injunction under similar circumstances. *Arroyo et al v. Redeye Grill et al*, Civ No. 06-civ-0381-PAC (S.D.N.Y. 2006) (a copy of the order is attached hereto as Exhibit A.) (granting injunctive relief where defendants intimidated plaintiffs form joining FLSA lawsuit)

Defendants' half-hearted attempt to distinguish *Centeno-Bernuy* fails miserably. While they declare that its facts are "readily distinguishable" from those in this case, Def, Opp. Memo. at 2, Defendants merely summarize the facts without offering any meaningful distinction. In *Centeno-Bernuy*, as in this case, the defendants engaged in activity that is otherwise covered by the FLSA's anti-retaliation provisions and subject to its other forms of relief. Nevertheless, the court granted the plaintiffs' request for an injunction. *Centeno-Bernuy*, 302 F. Supp. 2d 128.

Contrary to Defendants' contention, injunctive relief is not an end run around the FLSA's remedies. Rather, it is the FLSA remedy of injunctive relief that ensures that defendants such as Kellari will not undermine the statute's purpose by intimidating current and future plaintiffs.

Defendants' next argument, that the FLSA's anti-retaliation protection exists only for a plaintiff that files a complaint, is baffling. Plaintiff obviously filed the formal Complaint that began this action, and his complaint is on behalf of federal opt-in and a New York opt-out class. As Plaintiff set forth in his opening brief – and Defendants do

not dispute – Plaintiff and putative class members reasonably fear that they will be retaliated against for filing opt-in forms, which undoubtedly is protected behavior. Accordingly, Defendants' cites are wholly inapposite, as they involve cases where the defendants retaliated against plaintiffs for unprotected behavior, such as informal complaints. *See Lambert v. Genesee Hosp.*, 10 F.3d 46 (2d Cir. 1993) (informal complaints to supervisor); *Shah v. Wilco Sys.*, 126 F. Supp. 2d 641, 651 (S.D.N.Y. 2000) (discussions with coworkers); *Booze v. Shawmut Bank, Connecticut*, 62 F. Supp. 2d 593 (D. Conn. 1999) (informal complaints).

Moreover, the Second Circuit has specifically recognized that this type of situation gives rise to irreparable harm. In *Holt v. Continental Group*, the court stated

> A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights under the Act or from providing testimony for the plaintiff in her effort to protect her own rights. These risks may be found to constitute irreparable injury.

708 F.2d 87, 91 (2d Cir. 1993).

Finally, Defendants invoke *Soler v. G&U, Inc.*, 1982 WL 2159, No. 78 Civ. 6252 (S.D.N.Y. Jan. 15, 1982) in support of their incorrect conclusion that a chilling effect on potential plaintiff cannot constitute irreparable harm (cite to Pl brief). Defendants' reliance is misplaced. The court in *Soler* did not reject the notion that a chilling effect is irreparable harm but found that the plaintiffs there failed to establish that there was in fact a chilling effect. *Id.* at *4 ("[T]he mere possibility of a chilling effect on the farmworkers' future exercise of their rights, when no such chilling effect has been shown here, is too remote and speculative an injury on which to base a preliminary

injunction.").[1] Where, as here, the court has had a basis for finding a "chilling effect," it has granted an injunction. *See, e.g., Centeno-Bernuy,* 302 F. Supp. 2d at 134; *Bailey,* 280 F.3d at 1336; *Arroyo,* Ex. A.

As detailed in his opening brief, Plaintiff's termination inevitably had and continues to have a chilling effect on potential plaintiffs. Defendants communicated to the Kellari staff how Kellari deals with these matters. In addition, Kellari's investigations of employees regarding their involvement in the lawsuit and instructions not to join the lawsuit are outright attempts to prevent employees from joining. Thus, preliminary injunctive relief is necessary to prevent this irreparable harm and to assure potential plaintiffs they will be protected if they assert their rights, because Kellari is not above the law.

This chilling effect has made it difficult for Plaintiff to gather evidence pertaining to his claims in this lawsuit and has intimidated other employees from joining this lawsuit. Defendants intimate that money damages can rectify Defendants' wrongful termination of Plaintiff, without explaining how money damages alleviate either of these concerns. In fact, money damages do little to lessen these harms; common sense indicates that a Kellari employee would refrain from jeopardizing her current employment by providing testimony in favor of Plaintiff or joining this suit, even if she may be entitled to damages at the end of the long road of litigation.

## II.   CONCLUSION

---

[1] *Soler* is further distinguishable because the harm the plaintiffs there sought to avoid was not related to individuals who were potential opt-ins or members of an opt-out class, but rather the plaintiffs sought to protect employees "who [were] not participating in [the] suit." *Id.*

In conclusion, Defendants have demonstrated that they do not heed the FLSA's anti-retaliation provisions. Without the requested relief, Plaintiff and the putative classes will be irreparably harmed in a manner that cannot be repaired by money damages. Accordingly, Plaintiff respectfully requests the Court grant them the injunctive relief set forth in Plaintiff's original memorandum.

Dated: New York, New York
June 15, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____/s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum (DK-2338)

Charles E. Joseph (CJ-9442)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff, proposed collective action members and proposed class*