# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #·_____
DATE FILED: SEP 2 9 2006
```

ALETHEA ARROYO, et al.,                    :

        Plaintiffs,                    :     06 Civ. 0381 (PAC)

  -against-                                    :     ORDER GRANTING
                                                    PLAINTIFFS' MOTION
REDEYE GRILL, LP, et al.,                  :     FOR A PRELIMINARY
                                                      INJUNCTION

        Defendants.                    :

------------------------------------------------------------X

        HONORABLE PAUL A. CROTTY, United States District Judge:

        THIS MATTER came before the Court on Plaintiffs' motion for a temporary restraining order and preliminary injunction.

        WHEREAS, this Court has examined the parties' memoranda, moving and opposition papers, affidavits, declarations, and exhibits;

        WHEREAS, this Court heard testimony from the parties' witnesses at a hearing on July 21, 2006;

        WHEREAS, this Court issued findings of fact and conclusions of law on September 19, 2006, by reading those findings of fact and conclusions of law into the record on that date; and

        WHEREAS, this Court has found good cause to grant Plaintiffs' motion;

        It is hereby ORDERED AND ADJUDGED that:

        1.     Defendants, their employees, agents, and affiliates (collectively, "Defendants") are hereby preliminarily enjoined from taking any retaliatory adverse

employment action against any Plaintiff or any other person testifying on behalf of Plaintiffs in connection with the legal claims asserted in the above-captioned case.

2. "Adverse employment action" as the phrase is used herein refers to any termination, suspension, or loss of pay or benefits. "Adverse employment action" does not refer to oral or written comments or reprimands, or any other alleged act or words that do not directly result in termination, suspension, or loss of pay or benefits.

3. Pursuant to Rule 53 of the Federal Rules of Civil Procedure, Arnold N. Kriss,[1] is hereby appointed to serve as Special Master. The Special Master shall review any allegedly retaliatory adverse employment actions by Defendants in the manner detailed below.

4. Within five (5) business days of any adverse employment action that Plaintiffs believe to be retaliatory, Plaintiffs may file a petition with the Special Master regarding such action. Plaintiffs' petition shall identify the particular Plaintiff or employee involved, and shall explain why the adverse employment action is retaliatory. Defendants shall respond within three (3) business days, and shall explain the nature of the proposed action and the justification for it.

5. Within ten (10) business days of the alleged retaliatory act (or such other time as is mutually agreeable to the parties and the Special Master), the Special Master shall meet with the parties, decide whether the adverse employment action in question was in fact retaliatory, and promptly issue a written report to both parties and the Court with his findings and recommendations. The Special Master may find that the adverse employment action taken by Defendants is not retaliatory and sustain it; or he may find that the action is unlawful retaliation, and overrule it. If the Special Master

---

[1] Arnold N. Kriss, Esq., 123 William Street (22nd Floor), New York, New York 10038, (212) 577-2000.

finds that the adverse employment action is retaliatory, he may order reinstatement with back pay. Either party may, within ten (10) calendar days of issuance, appeal the Special Master's report to this Court.

6. The Special Master shall be compensated at his normal hourly rate of $450 per hour and his fees shall be paid by the party that does not prevail at the proceeding before the Special Master.

Dated: New York, New York
September 29, 2006

SO ORDERED

/s/ Paul Crotty
PAUL A. CROTTY
United States District Judge